JAMES WATT, Appellant, v. FRANK G. SHATTUCK COMPANY, Respondent.— Action to recover alleged overtime compensation, liquidated damages, and an attorney's fee, pursuant to the Fair Labor Standards Act of 1938 (U. S. Code,

tit. 29, § 201 *et seq.*). Judgment dismissing the complaint on the merits at the close of the plaintiff's case, reversed on the law and a new trial granted, with costs to abide the event. The complaint was dismissed upon the erroneous ground that the factory in which plaintiff was employed as a night telephone operator was a retail establishment and so excepted from the operation of the act. (*Phillips Co.* v. *Walling*, 324 U. S. 490; *Roland Electrical Co.* v. *Walling*, 326 U. S. 657.) Upon the record before us, it is clear that the defendant is engaged in interstate commerce. (*Mabee* v. *White Plains Pub. Co.*, 327 U. S. 178.) An issue of fact is presented, however, as to whether plaintiff was engaged in commerce or in the production of goods for commerce, which should be passed upon at Trial Term in the first instance. (*Walling* v. *Jacksonville Paper Co.*, 317 U. S. 564.) The last cited case indicates that whether an individual employee is engaged in commerce depends, in some cases, upon whether a substantial part of his activities relates to goods whose movement in the channels of interstate commerce has been established. Lewis, P. J., Hagarty, Adel, Aldrich and Nolan, JJ., concur.